T. F. HENRITZE, *Judge, etc.*

*v.*

THE COUNTY COURT OF MCDOWELL COUNTY, *etc., et al.*

(No. 9809)

Submitted April 9, 1946. Decided May 21, 1946.

*B. F. Howard,* for plaintiff in error.

*Samuel A. Christie,* for defendants in error.

HAYMOND, JUDGE:

The petitioner in this proceeding in mandamus, instituted in the Circuit Court of McDowell County, seeks reversal of the judgment of that court entered November 16, 1945, which denied his claim for an increase in his annual salary as Judge of the Criminal Court of McDowell County, provided by an Act of the Legislature of 1945, passed March 7, 1945, to take effect July 1, 1945. To that judgment a writ of error was awarded by this Court.

On September 1, 1945, the Honorable T. F. Henritze, Judge of the Criminal Court of McDowell County, to which office he was elected in November, 1942, for a term of six years from January 1, 1943, filed his petition in the Circuit Court of McDowell County against the County Court of that county and its three Commissioners, praying for a writ of mandamus to compel them to pay him an unpaid balance upon his salary for the months of July and August, 1945, and thereafter to pay him the salary fixed by Chapter 170 of the Acts of the Legislature of 1945, in monthly installments of $500.00 each, so long as he occupies his present judicial position.

The Criminal Court of McDowell County was created by an Act of the Legislature of West Virginia, passed February 24, 1893, effective from its passage. The salary of the judge of that court is payable out of the funds of McDowell County. The petitioner qualified on January 1, 1943, and since that date he has been, and still is, serving as judge of that court.

By Section 9, Chapter 5, Acts of the Legislature of 1919, the salary of the office was fixed at $4,800.00 per year. On March 7, 1945, the Legislature of this State, at its regular session of 1945, passed a statute effective July 1, 1945, which increased the annual salary of the Judge of the Criminal Court of that county from $4,800.00 to $6,000.00, to be paid out of the County Treasury.

The petitioner requested the County Court of McDowell County to pay him the sum of $500.00 for each of the months of July and August, 1945, which it refused to do. Instead it paid him the sum of $400.00 for each of those months. He contends that by virtue of the Act of March 7, 1945, there is due him the sum of $100.00 for each of those months and that he is entitled to be paid at the rate of $500.00 per month thereafter, instead of at the rate of $400.00 per month, so long as he serves in his present position as Judge of the Criminal Court of McDowell County.

Upon the filing of the petition, the Circuit Court awarded a rule requiring the respondents to appear before that court on September 6, 1945, to show cause why a peremptory writ of mandamus should not issue to compel them to pay to the petitioner, as Judge of the Criminal Court of McDowell County, the salary provided by the Act of the Legislature of 1945.

On September 29, 1945, the respondents filed their answer, in which they admitted, in substance, the allegations of the petition, and in which they denied the right of the petitioner to the relief sought by him for the specified reasons that the Act of the Legislature of 1945 is un-

constitutional as violative of Section 38 of Article VI of the Constitution of this State, and that Section 7, Article 7, Chapter 6, and Section 26, Article 8, Chapter 11, of the Code of West Virginia, 1931, prohibit the payment of any salary to the petitioner in excess of $400.00 per month during his current term of office.

The case was heard upon the petition and the answer. The court held the Act of March 7, 1945, unconstitutional as violative of Section 38 of Article VI of the Constitution, refused to award the peremptory writ, and dismissed the proceeding at the cost of the petitioner.

The statute here under consideration, passed March 7, 1945, effective July 1, 1945, omitting its title and its enacting clause, consists of a single section and is in these words: "Section 9. Salary of McDowell County Criminal Judge. The said criminal judge shall, for his services, receive six thousand dollars per annum, to be paid out of the county treasury."

To reverse, in this Court, the judgment of the Circuit Court of McDowell County, the petitioner relies upon two principal grounds. In substance, they are:

    1.   Section 38 of Article VI of the Constitution of this State is not applicable to courts of limited jurisdiction.

    2.   The Legislature, having created those courts, has the power, at pleasure, to abolish them and to increase or diminish the salaries of their judges.

Like assignments, and others, to sustain the constitutionality of an act of the Legislature increasing the salary of a judge of a court of limited jurisdiction within his term, were presented to this Court in the case of *Harbert* v. *County Court,* decided simultaneously with this case. In the opinion in that case various contentions, in support of the validity of the statute providing for an increase in the salary of the judge of a court of limited jurisdiction during his term of office, including those here advanced, were considered and discussed at length and rejected for the reasons stated. The constitutional

question which arose in the *Harbert* case is identical with that which arises in this proceeding. The holding in that case controls, and is decisive of, the issues in this case, and it is unnecessary again to state or to discuss the grounds upon which that decision is based.

For reasons stated in the *Harbert* case, Chapter 170 of the Acts of the Legislature of 1945, to the extent that it applies to its effective date of July 1, 1945, and attempts to fix the salary of the Judge of the Criminal Court of McDowell County at the sum of $6,000.00 per year as of that date, and within his term of office, is violative of Section 38, Article VI, of the Constitution of this State. Since the subject matter of that act, however, is within the legislative power, and since only its provision with respect to the time it takes effect is invalid because in conflict with the limitation imposed by the Constitution, which prohibits the operation of the statute during the present term of office of the Judge of the Criminal Court of McDowell County, the statute must stand, except as to its invalid portion, as a valid legislative enactment, until amended or repealed, but it can not become operative or legally effective until the commencement of the next term of office of the judge of that court. *Harbert* v. *County Court,* this day decided and not yet reported; *Howard* v. *Ferguson,* 116 W. Va. 362, 180 S. E. 539.

It follows that the judgment of the Circuit Court of McDowell County must be, and it is, affirmed.

*Affirmed.*