TOWN OF CLENDENIN *ex rel.* THORNTON FIELDS

*v.*

AMOS L. LEDSOME, *Policeman, etc., et al.*

(CC 712)

Submitted October 1, 1946.    Decided December 10, 1946.

*J. Raymond Gordon,* for plaintiff.

*Campbell, McClintic & James, Charles C. Wise* and *Stanley E. Dadisman,* for defendants.

KENNA, PRESIDENT:

This case certified was brought in the Court of Common Pleas of Kanawha County, that court having entered an order overruling a demurrer to the plaintiff's declaration and certifying its decision of the questions thus raised to the Circuit Court of Kanawha County, which court sustained the rulings of the Court of Common Pleas and in turn certified the questions for decision here.

The declaration in covenant alleges that the defendant, Amos L. Ledsome, on September 16, 1943, was one of two policemen employed by The Town of Clendenin, Kanawha County, and that the American Surety Company of New York was surety on his official bond for the faithful discharge of his duties in the penalty of $3500.-00; that the plaintiff, Thornton Fields, on that day was taken into custody by other officers and brought to the city jail of which Ledsome had charge by reason of an established custom pursuant to which the policeman on duty carried the keys to the jail and exercised supervision of it; that there was no commitment nor warrant for the plaintiff's arrest but that he was accused of having been intoxicated in a public place; that he was placed in the jail alone on a concrete floor with neither a chair

nor a cot and was locked in by the defendant, Ledsome; that the defendant negligently and unlawfully operated the jail with the result that the clothing of the plaintiff "was set on fire" causing him to be severely burned and suffer acutely for about two hours without aid, so that he was hospitalized for nine months thereafter.

The declaration further alleges that the plaintiff on the 17th day of August, 1944, being badly advised, instituted an action in the Court of Common Pleas against the Town of Clendenin for $25,000.00, and that on the 17th day of October, 1944, the action was dismissed on demurrer sustained. For the purpose of raising the question of the statute of limitations on demurrer the defendant craved oyer of the writ, thereby showing that this action was instituted on the 24th day of April, 1945.

The defendant filed a special plea alleging in effect that the operation of the public jail in the Town of Clendenin is the exercise of a governmental function with which the mayor, recorder and city council of that town are charged by its charter and that no duties concerning the exercise of that function have been delegated to, or imposed upon, the defendant Ledsome. There seems to have been no demurrer nor replication to this special plea, but with that we are not now concerned since all of the certified questions arise upon demurrer to the declaration overruled. They are:

"(1) No cause of action is stated in said declaration against either of defendants because:

"(a) No breach of covenant is alleged in such declaration;

"(b) The maintenance, operation and control of the jail of the Town of Clendenin is exclusively vested in the Mayor, Recorder and Common Council of such Town, in as much as it is a governmental funciton and defendant Amos L. Ledsome as a matter of law had no duty of any kind or character respecting such jail;

"(c) Assuming that defendant Ledsome was acting as *de facto* jailor for the Town of Clendenin,

as a matter of law he was performing a governmental function and under a legal duty to receive plaintiff as a prisoner, particularly since the declaration does not charge that defendant Ledsome had any notice of any alleged improper or illegal arrest and detention of plaintiff;

"(d) Defendant Ledsome had a legal right to detain for a reasonable period of time the plaintiff at the request of another governmental agency without process; and

"(e) Such declaration wholly fails to state any ultimate facts or specify any acts showing a breach of the writing obligatory sued upon in this case and the allegations of the declaration sounding in tort are insufficiently alleged to charge any liability on defendants or either of them.

"(2) Defendant, American Surety Company of New York, as a matter of law is not chargeable with knowledge that defendant Ledsome was acting as a *de facto* jailor as is alleged in said amended declaration, but on the contrary, the liability of such surety is limited by the express terms of the writing creating such suretyship.

"(3) Plaintiff's cause of action, if any, sounds wholly in tort and would not survive the death of defendant Ledsome, as a consequence of which the one year statute of limitations is applicable and such statute is not tolled by the other action in trespass on the case in which the Town of Clendenin was the sole defendant, pleaded in plaintiff's amended declaration."

Since the disposition of this case turns upon the question of whether the one year statute of limitaions applies, that question will be first considered.

There being no governing statutory provision, this alleged right of action would not survive either the death of the alleged tort feasor nor that of the plaintiff. Consequently, under the provisions of Code, 55-2-12, the limitation of the right to recover is one year. *Curry v. Mannington*, 23 W. Va. 14. Since the right of recovery against the surety does not extend beyond that against the principal, the limitation applicable to asserting a

right against the surety Company is the same as that which applies to Ledsome. *State ex rel. Sabatino* v. *Richards,* 127 W. Va. 703, 34 S. E. 2d 271. But the plaintiff below counters by alleging that Code, 55-2-18, which has for its purpose tolling the statute of limitations during the pendency of a proceeding erroneously brought and involuntarily abated or dismissed, extending the right to recover for one year from the date of either, applies here. We cannot agree, due to what may be called the diversity of parties, the Town of Clendenin being here not an actual party in interest, but merely a formal or nominal plaintiff, acting as a vehicle for the actual plaintiff or relator. Neither of the defendants in the case at bar was a party to the former proceeding. We are of the opinion that on the law side, in order to apply the provisions of Code, 55-2-18, it is necessary that the cause of action and the parties be the same. The question of parties under that statute has practically been settled by the third syllabus point in *Siever, Who Sues, etc.* v. *Klots Throwing Company of West Virginia,* 101 W. Va. 457, 132 S. E. 882, which reads as follows:

"If the parties be the same, section 19 of chapter 104 of the Code, protects the plaintiff in a second suit on the same cause of action brought within the time prescribed thereby, in cases covered by the provisions thereof."

Surely the Legislature did not intend to provide that an elective right conferred by statute (limitations) can be nullified by a proceeding to which the party asserting that right was an utter stranger. In our judgment it was error to overrule the demurrer to the declaration because its allegations, coupled with the showing made by craving oyer to the writ, plainly show that the plaintiff's right of action is barred under Code, 55-2-12. Of course it is well established in this jurisdiction that the question can be raised by demurrer, coupled with oyer.

Since the case is decided before reaching the other questions certified, it is not necessary to answer them. However, as to whether the declaration alleges a cause

of action, we are of the opinion that it does not. It is lengthy and it would be quite difficult to state more than conclusions concerning its insufficiency. It alleges that Ledsome was acting as the city jailer and that his negligence as such caused the plaintiff to be burned without alleging specifically what duties he was charged with, the breach of which caused injury to the plaintiff. We believe that definite allegations concerning the heating equipment of the jail, if its mishandling caused plaintiff's injury, its lighting facilities, if that, or whatever else might adequately inform the defendant concerning the charged negligence are necessary. Plaintiff's injury could have been caused by bad piping or other neglected equipment for which the defendant Ledsome could be in no way blamed. Of course, the allegation that he was negligent is merely stating a conclusion.

For the foregoing reasons the holdings of the Circuit Court of Kanawha County and of the Court of Common Pleas of that county are reversed and the case remanded to the Circuit Court with direction to direct the Court of Common Pleas to sustain the demurrer to the declaration because the action is barred by the statute of limitations.

*Reversed and remanded.*