STATE *ex rel.* GEORGE P. ALDERSON, STATE TAX COMMISSIONER

*v.*

BOYD E. HOLBERT, PRINCIPAL, AND THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, A CORPORATION, SURETY

(No. CC 752)

Submitted January 31, 1950. Decided March 7, 1950.

Lovins, President, dissenting in part.

*William T. George, Sr.,* for plaintiff.

*Frank G. Kittle, Paul D. Ware,* for defendants.

Given, Judge:

This action was instituted in the Circuit Court of Barbour County for recovery of money alleged to have been wrongfully paid to the defendant Boyd E. Holbert as salary for services as commissioner of the county court of that county. The defendant The Fidelity and Casualty Company of New York, a corporation, was surety on the official bond of Holbert. The bond recites that Holbert was elected such commissioner for a term beginning January 1, 1935, and ending January 1, 1939, and was conditioned upon the faithful performance by him of his duties as such commissioner. The action was instituted sometime prior to July 20, 1946, the exact date not being dis-

closed by the record. The declaration alleges that Holbert was authorized by law to receive only $15.00 per month salary during his term, and that he received salary in excess of that authorized by law. The excess payments are alleged to have been paid to and received by Holbert upon various orders issued between July, 1938, and December, 1938. This action was instituted for the purpose of recovering such excess payments.

Each of the defendants filed special pleas alleging the pendency of an action in assumpsit between the same parties involving the same subject matter. They also filed pleas of the statute of limitations. Plaintiff demurred to each of the pleas and the lower court overruled the demurrer as to each plea and certified to this Court the following questions:

"1. Does the statute of limitations run against the county court, and consequently, in favor of its members?

"2. Does the statute of limitations run against the surety, The Fidelity and Casualty Company of New York, and is it limited to the same time as the act for which it is collateral security?

"3. Is the pending suit in assumpsit, by the same parties against the same defendants, for the same amounts, and growing out of the same alleged wrong, a bar to this suit?"

The first question was answered in Certified Case No. 753, *State ex rel. George P. Alderson, State Tax Commissioner* v. *Boyd E. Holbert, Andy Booth and M. J. Gainer, Ex-Commissioners of Barbour County Court*, decided by this Court November 1, 1949, and need not be further considered here. It is answered in the affirmative.

As to the second question, the defendants contend that this is not an action upon the bond of Holbert, the bond being merely collateral to any liability, and therefore the five year limitation applies. They rely upon cases like *Town of Clendenin* v. *Ledsome*, 129 W. Va. 389, 40 S. E. 2d 849; *Sabatino* v. *Richards*, 127 W. Va. 703, 34 S. E. 2d

271; and *Hatcher* v. *State,* 125 Texas 84, 81 S. W. 2d 499, 98 A. L. R. 1213.

Is this an action upon the bond of a public officer? It is an action in debt. The declaration alleges that the defendants executed the bond; that it was sealed; that it was duly approved and filed; that the defendants acknowledged themselves to be bound unto the State in a sum certain; that the bond was for the faithful performance of the duties by the principal as Commissioner of the County Court of Barbour County for the term for which he was elected; that the principal failed to perform his duties as required by law; and further, that "by reason of the breaches of the conditions of said bond assigned as aforesaid, an action has accrued to the plaintiff" for the sum sued for. The bond is in the usual form and binds the principal, his heirs, executors, administrators and assigns, and the surety binds itself, its successors and assigns, jointly and severally.

In *Town of Clendenin* v. *Ledsome, supra,* the plaintiff alleged that the defendant Ledsome, a policeman in the Town of Clendenin having charge of the town jail, did "negligently and unlawfully operate the jail, causing the injury complained of." The Court stated, Opinion, 391:

> "There being no governing statutory provision, this alleged right of action would not survive either the death of the alleged tort feasor nor that of the plaintiff. Consequently, under the provisions of Code, 55-2-12, the limitation of the right to recover is one year. *Curry* y. *Mannington,* 23 W. Va. 14. Since the right of recovery against the surety does not extend beyond that against the principal, the limitation applicable to asserting a right against the surety Company is the same as that which applies to Ledsome. *State ex rel. Sabatino* v. *Richards,* 127 W. Va. 703, 34 S. E. 2d 271. * * *."

In *Sabatino* v. *Richards, supra,* the action was against a constable and the surety on his bond for recovery of statutory penalties accruing against the constable by rea-

son of his refusal to release exempt property in accordance with the requirements of Code, 38-8-8. In contending that the action was not upon the bond of the constable the defendant relied upon a statement contained in 43 Am. Jur., Public Officers, Section 444, as follows:

" 'There seems to be no dissent from the proposition that an action against a public officer and the sureties on his bond for breach of an official duty is not an action on the bond so as to be governed by the statute of limitations relating to actions for an indebtedness evidenced by or founded upon a contract in writing. The reason for this rule has been said to be that an official bond is merely a collateral security for performance of the officer's duty, and when suit is barred for breach of his duty, action is also barred on the bond.' "

After quoting this statement the Court said:

"* * * However, none of the cases cited to support this text which we have been able to examine seem to have involved a special statute fixing a specific limitation for actions on official bonds. It is neither necessary nor proper that we should consider the correctness of this general statement in its application, in this state, to all actions brought upon official bonds; but we think the principle thus announced operates as to an action to recover a statutory penalty incurred by a specific default of a public official."

In *Hatcher* v. *State, supra,* the Texas Court was not considering a statute similar to ours. The question there was whether the action was one arising out of contract or one arising out of tort, different limitations applying to each type of action. The Court merely held that the statute covering "written contracts" should apply.

In *Jennings* v. *Taylor,* 102 Va. 191, 45 S. E. 913, the action was against Taylor and the surety on his bond as county treasurer and in considering the question on appeal the Supreme Court of Appeals of Virginia stated:

> "It is manifest that this decree is founded upon the construction that section 2920 of the Code of Virginia of 1887, providing the limitation of three years 'upon any other contracts' than those specifically provided for in said section, applied to the claims of the appellants.

> "We are of opinion that this was error. It is conceded that if these proceedings are upon the bonds of Taylor, treasurer, the claims asserted are not barred within 10 years from the date they became due and payable, and then only barred as to the sureties on Taylor's official bonds. * * *."

Section 2920 of the Code of Virginia of 1887, cited in the opinion, in so far as applicable, reads:

> "Every action to recover money which is founded upon an award, or on any contract, other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have first accrued, that is to say: if the case be upon an indemnifying bond taken under any statute, or upon a bond of an executor, administrator, guardian, curator, committee, sheriff or sergeant, deputy sheriff or sergeant, clerk or deputy clerk, or any other fiduciary or public officer, or upon any other contract by writing under seal, within ten years; * * *."

It will be noticed that except for two inapplicable words the Virginia statute is exactly the same as the West Virginia statute, Code, 55-2-6.

The last mentioned case is cited with approval by this Court in *Arnold* v. *Hawkins*, 79 W. Va. 205, 90 S. E. 678. There the action was against a sheriff who was held liable for default of one of his deputies. The court specifically held, Point 3, Syllabus:

> "In an action against a sheriff by the original holder of school orders, so taken up by the checks of such a defaulting deputy, who has withdrawn from the bank and misappropriated the public money necessary to meet and pay his checks, the statute of limitations of five years has no application."

The case of *Fidelity and Casualty Company of New York* v. *J. S. Lackland, et al.*, 175 Va. 178, 8 S. E. 2d 306, was an action against a highway contractor and the surety on his bond, the bond having been given pursuant to statute. It was there contended that the action would be barred in three years; that the surety was entitled to every defense available to the principal, and that, therefore, the action would be barred in three years as to the surety. The applicable statute was Section 5810, Virginia Code of 1936, which is very similar to West Virginia Code, 55-2-6. In this action the Court held: "That there was no merit in the contention of defendant, since a surety is not released because the claim against the original debtor has been barred by the statute of limitations, and also because, in the present instance, suit was brought, not on an open account, but on the bond itself, as to which the ten-year limitation applies under section 5810 of the Code of 1936."

It will be noted that in the *Town of Clendenin* v. *Ledsome* case and in the *Sabatino* v. *Richards* case the actions were held not to be on bonds of public officers. In that respect they differ from the present action, which we hold to be upon the bond described in the declaration.

The question has proved a troublesome one and there exists confusion in the decisions. In many instances courts of other states, in considering the question, have not had before them a statute dealing specifically with bonds of public officers. In those cases it was necessary for the courts to first determine whether the action was *ex contractu* or *ex delicto* and then apply the applicable rule or statute. In other cases the actions were brought independently of any official bond and the holdings in such cases cannot be persuasive in the face of such a definite statute as we have. Here a complete defense to the action would be proof that no bond was executed. Nor can the recovery be for more than the liability created by the bond. The bond was given pursuant to statute and the bond must be considered as having created liability under the statute. Without it no liability against the surety could exist.

It seems clear that the present action is upon the bond. To hold otherwise would effectively nullify the applicable provisions of Code, 55-2-6. Such provisions should be liberally construed to the end that public officers and sureties on their bonds should be held strictly liable in accounting for public funds. Therefore the answer to the second question certified is that this action being one upon the bond described in the declaration, the applicable statute of limitations to this cause of action is ten years from the time it accrued.

The third question certified relates to a pending suit in assumpsit by the plaintiff herein against one of the defendants herein covering the same amounts of excess payments and asks whether that suit is a bar to this one. We believe that that question is sufficiently answered by directing attention to the fact that the action in assumpsit was dismissed by the Circuit Court of Barbour County, due in part to a misjoinder of rights of action and of parties defendant, and that dismissal has been affirmed by this Court by our decision of Certified Case No. 753. That being so, it necessarily follows that it cannot be used as a bar to this proceeding.

It follows that the lower court should have sustained the demurrer as to each of the pleas filed by the defendants and that its action in overruling the demurrers must be reversed and the case remanded to the Circuit Court of Barbour County.

*Ruling reversed; case remanded.*

LOVINS, PRESIDENT, dissenting in part:

This dissent goes only to the validity of the pleas of the statute of limitations wherein the defendants assert that a five-year limitation applies and bars this action. I would affirmed the ruling of the circuit court in so far as it held the pleas good.

By Chapter 43, Acts of the Legislature, Second Extraordinary Session, 1933, the salary of a commissioner of the

county court of Barbour County was fixed at fifteen dollars a month. The salary was later increased by Chapter 20, Article 1, Section 5, Acts of the Legislature, Regular Session, 1939, to twenty-five dollars a month. Holbert took office January 1, 1935, for a term of four years, which expired before the effective date of Chapter 20, *id.* Nevertheless, Holbert received payments of forty dollars a month for a period of seven months. This action is to recover the excess of twenty-five dollars a month for said seven months, on the ground that such increase was not authorized by statute. In my opinion, this cause of action is grounded on the violation of the statute fixing the commissioner's salary and Section 38, Article VI of the State Constitution, which prohibits salary increases for a public officer during his term of office. See *Henritze* v. *County Court,* 129 W. Va. 81, 39 S. E. 2d 194; *Harbert* v. *County Court,* 129 W. Va. 54, 39 S. E. 2d 177. The payments in excess of fifteen dollars a month being illegal expenditures, this action was brought to recover the amount so expended. *County Court* v. *Duty,* 77 W. Va. 17, 19 S. E. 588. The action is not, in my opinion, based on a breach of any condition of Holbert's bond, which is merely collateral security for the faithful performance of his duty.

The general rule as set forth in 43 Am. Jur., Public Officers, Section 444, is quoted with approval in *Sabatino* v. *Richards,* 127 W. Va. 703, 34 S. E. 2d 271, and is as follows:

> "There seems to be no dissent from the proposition that an action against a public officer and the sureties on his bond for breach of an official duty is not an action on the bond so as to be governed by the statute of limitations relating to actions for an indebtedness evidenced by or founded upon a contract in writing. The reason for this rule has been said to be that an official bond is merely a collateral security, for performance of the officer's duty, and when suit is barred for breach of his duty, action is also barred on the bond."

This Court has hitherto adhered to the principle thus stated. *Clendenin* v. *Ledsome,* 129 W. Va. 388, 40 S. E. 2d

849; State ex rel. Bank v. Manns, 126 W. Va. 643, 29 S. E. 2d 621; Byrd v. Byrd, 122 W. Va. 115, 7 S. E. 2d 507. I have examined authorities from other jurisdictions and I find the principle is universally applied.

I am unable to distinguish in principle the instant holding of the Court from the other holdings above cited. Assuredly the principle is the same, i.e., the liability of the surety does not extend beyond that of the principal. In the Clendenin case, plaintiff sought damages from the defendant and the surety on his official bond as a result of injuries inflicted through the negligent operation of a jail by defendant. This Court held that the cause of action would not survive. Consequently, under the provisions of Code, 55-2-12, the limitation of the right to recover was one year, and an action could not be maintained thereafter against either the principal or his surety. In the Byrd case, action was brought against the personal representative of the alleged wrongdoer. It was held that the cause of action did not survive the death of the tort feasor, and that an action could not be brought on the contractual elements of the officer's bond, either against the personal representative of the principal or his surety. In the Sabatino case, the action was to recover penalties created by statute. The Court applied a one-year period of limitation, holding that the liability for the penalties sued for did not arise strictly from the breach of any condition contained in the officer's bond but from the statute imposing the penalties.

The position taken by the Court in the instant case is irreconcilable with the holding in State ex rel. Bank v. Manns, supra. There the principal defendants, as county commissioners, allowed a claim when there were no funds for such purpose. The Court held that a public officer was not liable on a contract made in excess of his power in the absence of fraud, or personal assumption of liability, or a statute creating specifically such liability. When it was contended that the sureties could be held even though there was no liability against the principal, this Court had the following to say:

"But an official bond does not create, or increase, a public officer's liability: it merely secures the liability of such officer already existing. * * * the surety on an officer's bond is liable only as the officer is liable."

*State ex rel. Bank* v. *Manns, supra.*

The action here considered is not upon Holbert's bond, but is predicated solely upon a breach of his official duty imposed by statute, for the performance of which the official bond is merely collateral security. Accordingly, I would affirm the ruling of the Circuit Court of Barbour County in so far as it applied the five-year statute of limitation.