STATE OF WEST VIRGINIA,
*ex rel.* WINONA RUSSELL

V.

JACK LEEDY

(CC 826)

Submitted January 24, 1956. Decided February 21, 1956.

*J. S. Redmond,* for plaintiff.

*Crockett & Tutwiler,* for defendant.

LOVINS, JUDGE:

This suit was brought in the name of the State of West Virginia who sued at the relation and for the benefit of Winona Russell, in the Circuit Court of McDowell County, West Virginia. Originally, the action was brought on the 13th day of January, 1955, against Jack Leedy and the National Surety Corporation, a corporation.

On motion of plaintiff's counsel, the Norfolk and Western Railway Company, a corporation, was made a party defendant on the 4th day of February, 1955. Process bearing such date was issued as to the Railway Company and properly served.

The purpose of the action is to recover damages for an alleged assault suffered by the plaintiff, as well as for false imprisonment.

The original declaration indicates that the Railway Company's name was interlined as a party defendant.

It is alleged that the defendant, Leedy, was appointed a special police officer for the Railway Company, in accordance with statutory authority; took and filed the oath as such officer, as required by statute; that the Railway Company filed a bond in the penalty of $10,000.00 with the National Surety Corporation as surety thereon. The bond recites the provisions of the statute under which Leedy was appointed; and was conditioned to pay all damages not exceeding $3500.00 in any one case accruing to anyone:

> " * * * by the accidental discharge or improper or negligent discharge or other unlawful use of any revolver or pistol or other dangerous

weapon of like kind or character by such Special Police Officer or Officers, whether heretofore or hereafter so appointed and qualified, while actually engaged in his or their duties or in doing anything reasonably incident to such duties, then this obligation shall be null and void; otherwise to remain in full force and effect."

The bond was dated December 9, 1951, but was not in force at the time of the commission of the offenses charged in the declaration. The declaration charges that the defendant, Leedy, breached the condition of the bond by maliciously assaulting Winona Russell, beating her with a certain revolver or other weapon of like kind and character, ejecting her from the railway station at Welch, West Virginia, and in the process of such, injuring said Winona Russell about her mouth, eyes and face, from which she suffered permanent injury. It is also charged in the declaration that the said Leedy maliciously imprisoned Winona Russell, without reasonable or probable cause, for _____hours, following the assault.

The declaration charges that the condition of the bond was thus breached by the defendant, Leedy.

The Railway Company needlessly craved *oyer* of the summons which is a part of the record, in accordance with Chapter 96, Acts of the Legislature, 1949, Regular Session, and demurred to the declaration.

In addition to the demurrer of the Railway Company, the National Surety Corporation, the Railway Company and Leedy pleaded the statute of limitations; that the bond on which the National Surety Corporation was surety, had expired and had been cancelled; and that the New Amsterdam Casualty Company, a corporation, was surety on a substituted bond. The defendant, Leedy, also pleaded *non est factum*, averring that he had not signed the bond on which the action was brought.

The parties appeared on the 7th day of March, 1955, and the trial court, having heard arguments on the de-

murrer and special pleas, was of the opinion to dismiss the action as to the National Surety Corporation, the Railway Company and continued the action as to the defendant, Leedy, until the June, 1955 term of court. The defendant, Leedy, also filed another plea in which he reiterates that the bond was not his act and deed; that the bond had expired at the time of the acts charged to Leedy in the declaration, and for further plea, alleged that he did not violate or break any condition or covenant of the bond sued on, and that he was not guilty of the acts alleged in the declaration in the manner and form alleged in such declaration, or in any other manner.

The plaintiff was granted leave of court to amend her declaration and the case was remanded to rules; the trial court also adjudged that it was unnecessary to issue process thereon.

On or about June 15, 1955, there was an appearance by the plaintiff and the defendant, Leedy, who relied upon his three special pleas filed herein, to which the plaintiff replied generally. A jury was impaneled. The plaintiff introduced certain evidence and asked leave of the court to substitute the bond on which the Railway Company was principal and the New Amsterdam Casualty Company as surety, dated December 29, 1953, in lieu of the bond described in the original declaration. Counsel for the defendants resisted such motion. The court, upon considering the motion, declared a mistrial and continued the case.

Thereupon, the defendant filed an amended declaration which is in substance and effect identical with original declaration and the first bond declared upon, with the exception that the New Amsterdam Casualty Company is shown as surety on the bond. The bond described in the amended declaration being the same as the bond described in the original declaration, it would serve no useful purpose to describe the second bond in detail.

On or about the 23rd day of August, 1955, the defendant, Leedy, demurred to the amended declaration

and assigned as grounds for such demurrer the follow-ing: (1) That this action of covenant against him is predicated upon a bond to which he is not a party; (2) that this action of covenant is on a bond in which the Railway Company is principal and the New Amsterdam Casualty Company is surety, but neither the principal nor surety on the bond is a party to this action; (3) that only the parties to a bond are liable thereon in an action of covenant; (4) that if defendant, Leedy, com-mitted the assault and beat the plaintiff as charged in the declaration, plaintiff's right of action against him as an individual is an action of tort.

The court overruled such demurrer, and upon its own motion and the joint application of the parties, certified to this Court the following questions:

"(1) Is it necessary for a railroad special police who has qualified and been appointed under the provisions of Code 61-3-41 to sign or exe-cute a pistol bond authorizing him to carry a pistol as required by Code 61-7-2 when a bond has been executed by the railroad company for him in accordance with the provisions of Code 61-7-4?

(2) Will such execution of the pistol bond by the railroad company in accordance with the provisions of Code 61-7-4 make a special police officer who has been duly appointed and qualified in accordance with the provisions of Code 61-3-41 a party to said bond by virtue of the statute, the same as if said bond was signed by the special police officer as required by Code 61-7-2?

(3) Can an action of covenant for the alleged negligence or unlawful use of a pistol be main-tained separately against a railroad company's special police officer who has been duly appoint-ed and qualified under the provisions of Code 61-3-41 and proper bond given by the railroad company for said special police officer to carry a pistol in accordance with the provisions of Code 61-7-4?

(4) Can an action in covenant be prosecuted against a special police officer, duly appointed, and who has qualified and is acting, under the provisions of Code, 61-3-41, on a proper bond executed by the Railway Company, with surety, in accordance with the provisions of Code, 61-7-4, when neither the Railway Company executing the bond, nor the surety, is before the Court in this Case?"

From the foregoing statement, it is shown that this action has a somewhat involved procedural background.

We deem it proper to first discuss the status of the defendant, Leedy. A special officer appointed at the instance of a railway company occupies a dual position. In some instances, he may be treated as a public officer; in others, as a servant of the railway company which procured his appointment. See *Layne* v. *Railway Co.*, 66 W. Va. 607, 621, 67 S. E. 1103. The averments in the amended declaration do not show in which capacity the defendant, Leedy, was acting at the time of the commission of the alleged wrong. But that is not decisive of the questions certified.

Actions of covenant on a bond of this nature partake of the nature of a tort action. This Court has held that the one year limitation provided for in Code, 55-2-12, applies. In *Clendenin* v. *Ledsome*, 129 W. Va. 388, 391, 40 S. E. 2d 849, the following appears in the body of the opinion:

> "There being no governing statutory provision, this alleged right of action would not survive either the death of the alleged tort feasor nor that of the plaintiff. Consequently, under the provisions of Code, 55-2-12, the limitation of the right to recover is one year. *Curry* v. *Mannington*, 23 W. Va. 14. Since the right of recovery against the surety does not extend beyond that against the principal, the limitation applicable to asserting a right against the surety Company is the same as that which applies to Ledsome."

See *State ex rel. Sabatino* v. *Richards*, 127 W. Va. 703, 34 S. E. 2d 271.

The amended declaration in this action states that the defendant, Leedy, assaulted the plaintiff on the _____ day of January, 1954, but it appears from the plea of the Railway Company that the alleged assault and unlawful arrest occurred on January 14, 1954. This action was instituted against the Railway Company by process bearing date February 4, 1955. It is readily seen that the action as to the Railway Company is barred by application of the statute of limitations. An action of covenant growing out of a personal injury allegedly inflicted by a special police officer of a railway company is subject to a statutory limitation of one year, Code, 55-2-12, since the right of recovery against the surety does not extend beyond that of the principal.

Code, 61-3-41, authorizes the appointment of a special police officer at the request of a railway company. Clearly, it is the import of Code, 61-7-4, that a bond given under that statute dispense with the necessity for a special police officer to give another and different bond under Code, 61-7-2.

Coming now to considering the bond sued upon. The bond described in the original declaration was one signed by the National Surety Corporation, and bears date the 9th day of December, 1951. It is shown by the record that such bond was no longer in force at the time of the occurrence of the assault and unlawful arrest and that on the bond then in existence, the Railway Company was principal and the New Amsterdam Casualty Company surety.

At this point in the proceeding, the defendant, Leedy, remained as the sole defendant, no process having been issued against the Railway Company or the New Amsterdam Casualty Company. They are not parties to the amended declaration though the amended declaration describes the bond as hereinabove stated given by the Railway Company and the Casualty Company with some

particularity and as hereinabove stated, it has the same conditions as the bond formerly filed on which the National Surety Corporation was surety.

The questions certified arise upon a demurrer to the amended declaration. The action, notwithstanding the elimination of the two defendants, remained in covenant.

It is supported by long established authority:

" * * * 'that it (an action of covenant) cannot be maintained, except against a person who by himself, or some other persons acting in his behalf, has executed a deed under seal, or who (under some very peculiar circumstances, such as is maintained in Co. Lit. 231a) has by deed agreed to do a certain thing.' * * * ' Covenant, then, will lie only where the instrument is actually signed and sealed by the party, or by his authority'."

*Taylor* v. *Forbes' Adm'x.* (Va.) 44 S. E. 888, 889. *State of West Virginia ex rel. Ercil Copley* v. *Alfred J. Carey, Sheriff, et al.,* and cases therein cited, decided at the present term of Court. See Burks Pleading and Practice, Fourth Edition, Page 168; Hogg's Pleading and Forms, 4th Ed., Sections 88, 89. In this jurisdiction, the case of *W. Va. C. & P. R. Co.* v. *McIntire,* 44 W. Va. 210, 28 S. E. 696, the same holding is indicated as in the *Forbes* case.

It is contended that by virtue of the statute, Code, 61-7-4, Leedy is made a party to the bond. True, there are authorities in this jurisdiction which hold that a bond given under a statute should be construed so that its obligation and condition will effectuate the purpose of the statute. *State* v. *Wotring,* 56 W. Va. 394, 49 S. E. 365. See *State* v. *Nutter,* 44 W. Va. 385, 30 S. E. 67. But we have not found any decided case which permits treating a person who did not sign and seal a written instrument as a party to such writing.

We are aware of the fact that Code, 36-3-1, 2 and 3 has to some extent lessened the effect of a sealed instru-

ment. But even so, the provisions of those statutes do not apply to the questions certified herein. Moreover, the Constitution of this State, Article VIII, § 21, declares that the common law is still in force in this state, except as changed by statute. We have also found indications in decided cases where a rule somewhat different from that applied to actions of covenant may be in some instances applied. *Oil Co.* v. *Smith*, 116 W. Va. 16, 178 S. E. 281. But the principle so applied is wholly inapplicable to the instant case. We think we are bound by the strict common law rule relative to parties to actions of covenant, since that rule has not been changed by statute.

We conclude that an action of covenant cannot be maintained against a special police officer appointed under Code, 61-3-41, when such officer is the sole defendant and is not a signatory of the bond authorized by Code, 61-7-4, upon which the action of covenant is brought.

Accordingly, the ruling of the Circuit Court of McDowell County is reversed.

*Ruling reversed.*