STATE *ex rel.* VIVIAN MAYLE, AS ADMINISTRATRIX
OF ESTATE OF ADAIR ROBERT KENNEDY

*v.*

AETNA CASUALTY AND SURETY COMPANY,
*a corporation, et al.*

(No. 12747)

Submitted January 21, 1969.     Decided March 4, 1969.

*Hale J. Posten, Robert T. Donley,* for appellants.

*Clark B. Frame, Charles H. Haden, II,* for appellee.

CAPLAN, JUDGE:

This is an appeal by Aetna Casualty and Surety Company from a judgment of the Circuit Court of Monongalia County, West Virginia. It appears from the record that Adair Robert Kennedy, a resident of Taylor County, died in Taylor County as a result of gunshot wounds inflicted upon him by Herbert Lawson, a deputy sheriff of said county. This alleged unlawful act was committed in Taylor County. Gary Wade and Frank Surina, Jr., state conservation officers, are alleged to have participated in the shooting.

Vivian Mayle qualified as administratrix of the estate of Adair Robert Kennedy and instituted an action in Monongalia County against Lawson, Wade and Surina for the wrongful death of the decedent and against the sureties upon the official bonds of said defendants. None of the individual defendants was served with process in Monongalia County. Service upon the sureties was made by serving the state auditor, such service being based on the fact that the sureties were non-resident corporations doing business in Monongalia County.

Upon the trial of this matter the jury returned a verdict against defendant Gary Wade in the amount of $300.00 and against Aetna, as surety on his bond, in the amount of $3,500.00; against Frank Surina, Jr., in the amount of $300.00 and against Aetna, as surety on his bond, in the amount of $3,500.00. The individual defendants, Wade and Surina, have each satisfied the judgment against them. Aetna Casualty and Surety Company made timely motions to set aside the verdicts and judgments and moved for

judgments in its favor. In each case the motion was overruled. It is from these rulings that this appeal is now prosecuted.

Verdicts were also returned against Lawson and his surety, but no appeal was taken and such verdicts are not involved in this appellate proceeding.

While Aetna assigns numerous errors it relies principally upon assignment No. 1, namely, that the court erred in entering judgment against it as surety upon an official bond in excess of the liability of the principal as determined by a jury. Therefore, succinctly stated, the issue is: Can a judgment against a surety exceed that against the principal upon the same set of facts?

An official bond is collateral security for the faithful performance of an officer in the discharge of his official duties. It is an obligation binding the surety on the bond to make good that officer's default, if any should occur. Should there be no default, no liability is incurred by the surety. However, should the principal become liable for some breach of his official duties, the surety is called upon, in accordance with the terms and to the extent of the bond, to pay the amount of the principal's liability.

It is a well settled principle of law that the extent of liability of the surety is limited by the penalty of the bond and is otherwise the same as that of the principal. "The liability of a surety cannot exceed that of his principal." 43 Am. Jur., Public Officers, Section 415. As long ago as 1866, the Supreme Court of the United States declared in *The United States* v. *Burbank and Allsbury,* 4 Wall. (U. S.) 186, 18 L. ed. 321, "It is unnecessary to refer to authorities to show that the liability of the surety cannot exceed that of his principal; and that amount having been fixed by a judgment at law, it formed the rule to determine the sum to be recovered in this suit." Our research reveals that the foregoing quote reflects the law as it exists today.

This Court has spoken on this matter on many occasions, its decisions being in general agreement with the principles

enunciated above. See *State ex rel. Russell* v. *Leedy,* 141 W. Va. 474, 91 S. E. 2d 477; *Town of Clendenin ex rel. Fields* v. *Ledsome,* 129 W. Va. 388, 40 S. E. 2d 849; *State ex rel. Sabatino* v. *Richards,* 127 W. Va. 703, 34 S. E. 2d 271; and *State ex rel. Boone National Bank of Madison* v. *Manns,* 126 W. Va. 643, 29 S. E. 2d 621.

The decisions of courts in many other jurisdictions clearly demonstrate that as a general rule the liability of the surety cannot exceed that of his principal. In *Greenville Airport Commission* v. *United States Fidelity & Guaranty Company of Baltimore, Md.,* (S. C.), 86 S. E. 2d 249, the Court said: "The obligation of the surety being accessory or collateral to the obligation contracted by the principal, it follows as a general rule that the liability of the surety is measured precisely by the liability of the principal." The court in *Cohen* v. *Mayflower,* 196 Va. 1153, 86 S. E. 2d 860, declared: "* * * unless the bond provides otherwise, or the surety has been released by some act of the obligee, the obligation of the surety is measured by that of the principal * * *."

Citing Stearns Law of Suretyship, Fifth Edition, the court in *Fausett Builders* v. *Globe Indemnity Co.,* (Ark.), 247 S. W. 2d 469, said "The right of recovery against the surety does not extend beyond that against the principal." It was held in *In Re MacDonald's Estate,* 341 Mich. 382, 67 N. W. 2d 227, that the liability of the surety is coextensive with the liability of the principal on the bond and can be extended no further than his. See also *Justice* v. *Rose,* (Ohio), 144 N. E. 2d 303, wherein the court held that the liability of the surety can be no greater than that of the principal; *Carolina Builders Corp.* v. *New Amsterdam Cas. Co.,* 236 N. C. 513, 73 S. E. 2d 155; and *Bloom* v. *Bender,* (Cal.), 313 P. 2d 568.

Applying the principles expressed above to the instant case it becomes quite evident that Aetna Casualty and Surety Company, the surety on the bonds of Gary L. Wade and Frank Surina, Jr., can be charged with no greater liability than that found against the principals. Therefore,

since each of said principals became liable for $300.00, the surety could be liable on each bond for no more than that amount.

It is the further position of the appellant, Aetna, that inasmuch as the principals under the bonds have satisfied the judgments against them, it can no longer be liable on such bonds and should be discharged. Here the principals, Wade and Surina, elected to pay the judgments against them and the plaintiff expressed satisfaction with the jury verdicts by accepting such sums from Wade and Surina. Only Aetna appealed.

As a general rule, the liability of the surety is coextensive with that of the principal. *Town of Clendenin ex rel. Fields* v. *Ledsome,* 129 W. Va. 388, 40 S. E. 2d 849. See 72 C. J. S., Principal and Surety, Section 92, and cases there cited. When a principal purchases a bond he does not purchase insurance from liability. A bond is issued for the protection of those with whom the principal deals. Therefore, when the injured party is made whole by the principal, the obligation of the surety is extinguished. This was succinctly stated in *Hughes* v. *McElwee,* 117 W. Va. 410, 185 S. E. 688, as follows: "The debt having been satisfied, or extinguished, as to the son, the principal on the bond, the obligation of the surety was automatically extinguished, since the surety was to be liable only so long as the debt was not extinguished by his principal."

In *Bushman Construction Company* v. *Air Force Academy Housing, Incorporated,* 327 F. 2d 481, the court held that no cause of action could be asserted against the surety where the principal's obligation had been met. Consequently, in the case before us when Wade and Surina paid the obligations created by the jury verdicts, the plaintiff, not having appealed, was made whole and the surety was no longer liable under the terms of the bond.

For the reasons stated herein the judgment of the Circuit Court of Monongalia County is reversed and the case is remanded with directions that it be dismissed.

*Reversed and remanded*
*with directions.*