437 S.E.2d 436

**Frances COURTNEY, Individually, and Patsy Joe Compaleo, an Infant, Who Sues By and Through Frances Courtney, His Mother, Plaintiffs Below, Appellants,**

v.

**Denzil COURTNEY and Maud Courtney, Defendants Below, Appellees.**

No. 21561

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1993.

Decided June 11, 1993.

LaVerne Sweeney, Grafton, for appellants.

Jo Marie Pitrolo, George R. Higinbotham, Fairmont, for appellees.

MILLER, Justice:

The plaintiff, Frances Courtney, instituted this civil action in the Circuit Court of Taylor County against her former husband, Denzil Courtney.[1] The plaintiff's complaint included, among others, three separate causes of action: (1) that the defendant willfully, wantonly, and intentionally assaulted and battered her; (2) that as a result of the defendant willfully, wantonly, and intentionally physically abusing her, the plaintiff suffered from the intentional infliction of emotional distress;[2] and (3) that she suffered emotion-

1. This case originally came before this Court on appeal from the dismissal of two causes of action because the plaintiff failed to state a claim upon which relief could be granted. We reversed the trial court holding that Mrs. Courtney's son could recover for severe emotional distress caused by his witnessing the defendant's outrageous conduct inflicted on Mrs. Courtney. The second theory sanctioned recovery against the defendant's mother who gave substantial assistance in the commission of his outrageous conduct. *Courtney v. Courtney*, 186 W.Va. 597, 413 S.E.2d 418 (1991). For purposes of this opinion, we refer to our prior decision as *Courtney I*.

2. The trial court, in its September 3, 1992, order dismissing the plaintiff's claim of "intentional infliction of emotional distress of Frances Courtney by Denzil Courtney," cites to "Count II, paragraph 14" of the plaintiff's complaint. Cause of Action II is actually entitled "Negligent Distribution" and does not include paragraph 14. Count (styled "Cause" in the complaint) III, paragraph 14 comes under the heading "Intentional Infliction of Emotional Distress" and lists damages for expenses incurred by Mrs. Courtney as a result of caring for her son's emotional distress resulting from viewing the alleged outrageous conduct of the defendant towards the plaintiff. The paragraph also alleges damages

for the plaintiff having "been disabled in her ability to communicate, socialize, advice [*sic*], comfort and consort with her son; and ... she has been otherwise injured." The trial court's dismissal order merely refers to "Count II, paragraph 14" of the (amended) complaint as the source of the plaintiff's claim of intentional infliction of emotional distress, although it is clear that most of paragraph 14 deals with damages sustained by the plaintiff in relation to caring for *her son's* emotional distress.

On the other hand, paragraph 3 of the amended complaint under the hearing "First Cause—Assault and Battery" outlines the following damages incurred by the plaintiff "as a result of Denzil C. Courtney's willfully, wantonly, and intentionally assaulting and battering Frances Courtney":

"e.  she has suffered much pain and suffering of body and mind (past, present and future);

\*    \*    \*    \*    \*    \*

"g.  she has suffered much humiliation, great indignities and much embarrassment;

"h.  she has experienced a permanent reduction in her capacity to enjoy life and carry out her ordinary physical and mental activities;

"i.  she has been inconvenienced (past, present and future); and

al distress as a result of her "bystander's view" of the defendant "willfully, wantonly, and intentionally battering Patsy Joe Compaleo," her son. Upon a motion for summary judgment filed by the defendant, the trial court held that all three causes of action were time barred by a one-year statute of limitations.

The plaintiff argues that the causes of action in this case are, or should be, governed by a two-year statute of limitations, thereby making her complaint timely filed. The applicable statutory provisions are found in W.Va.Code, 55–2–12 (1959),[3] and W.Va. Code, 55–7–8a(a) (1959).[4] Initially, we note that under W.Va.Code, 55–2–12(a) and – 12(b), there is a two-year period for bringing suits for damages to property and for personal injuries. Under W.Va.Code, 55–2–12(c), there is a one-year period for other matters where, under common law, if the party were to die, the case could not be brought. These provisions and their historical background were discussed at some length in *Snodgrass v. Sisson's Mobile Home Sales, Inc.,* 161 W.Va. 588, 244 S.E.2d 321 (1978). There, we pointed out that both of these sections were enacted in 1959. They were a part of Chapter 3 of the 1959 Acts of the Legislature and, consequently, according to *Snodgrass:*

> "When W.Va.Code, 55–7–8a, is read *in pari materia* with W.Va.Code, 55–2–12(a) and (b), relating to the limitation on suit

for damage to property and personal injuries, common law survivability of these causes of action is no longer the test. The reason is two-fold. First, these subsections do not contain any requirement as to survivability, but merely express a stated period in which the actions must be brought. Second, the provisions of subsection (a) of W.Va.Code, 55–7–8a, statutorily create survivability by the following language: [*citing* W.Va.Code, 55–7–8a, *see* note 4, *supra*].

> "The effect of this subsection is to create statutory survivability for the causes of action contained therein to parallel the same causes of action set out in [W.Va.] Code, 55–2–12(a) and (b)." 161 W.Va. at 593, 244 S.E.2d at 324–25.

█ What *Snodgrass* makes clear is that in actions for damages to property and for personal injuries, the appropriate statute of limitations under W.Va.Code, 55–2–12, is two years. These actions by virtue of W.Va. Code, 55–7–8a(a), survive the death of the plaintiff and the tortfeasor because it states "causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive[.]" [5]

### I.

█ We have never directly addressed what statute of limitations applies to a civil

---

"j. she has been otherwise injured."
Both paragraphs 3 and 14 clearly encompass damages incurred as a result of the alleged outrageous conduct of the defendant toward the plaintiff. Although neither paragraph uses the term "emotional distress," it seems clear that the trial court's dismissal order was directed at any claim of the plaintiff in regard to intentional infliction of emotional distress incurred by her as a result of alleged physical violence by the defendant *against her,* whether *that* violence be termed "physical abuse," as in paragraph 14 of the complaint, or "assaulting and battering" as in paragraph 3. *See also* note 6, *infra.*

3. W.Va.Code, 55–2–12, provides:
   "Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) *within two years next after the right to bring the same shall have accrued if it be for damages for personal inju-*

ries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative." (Emphasis added).

4. W.Va.Code, 55–7–8a(a), states:
   "In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable."

5. Actions resulting in death are covered by our wrongful death statute, W.Va.Code, 55–7–5 (1931). *See also* W.Va.Code, 55–7–8 (1989); W.Va.Code, 55–7–8a(b) through –8a(d). *See* note 11, *infra.*

action alleging personal injuries resulting from an assault and battery. The defendant argues that the statute of limitations is controlled by *State v. Leedy*, 141 W.Va. 474, 91 S.E.2d 477 (1956). In that case, a one-year statute of limitations was applied to a suit against a surety whose bond covered assault and battery conduct of a special police officer. The police officer allegedly had beaten and inflicted permanent injuries upon the plaintiff. In finding the action of covenant filed by the victim of the assault time-barred, we implicitly held that the then-applicable W.Va.Code, 55-2-12 (1949), mandated a one-year statute of limitations period. Our decision in *Leedy* was based upon our earlier case of *Town of Clendenin ex rel. Fields v. Ledsome*, 129 W.Va. 388, 391, 40 S.E.2d 849, 851 (1946), where, in regard to a suit similar to *Leedy*, we concluded that the "right of action would not survive either the death of the alleged tortfeasor nor that of the plaintiff."

However, *Leedy* dealt with the 1949 provisions of W.Va.Code, 55-2-12,[6] which were markedly different from the current statute. As we pointed out in *Snodgrass*, the current statute enacted in 1959, three years after *Leedy*, extended the statute of limitations to two years for personal injuries and, under W.Va.Code, 55-7-8a(a), gave specific statutory survivability to such actions. Thus, it is clear that damages for personal injuries arising out of an assault and battery are controlled by the two-year statute of limitations contained in W.Va.Code, 55-2-12(b).

In this case, the plaintiff, Mrs. Courtney, seeks to recover not only damages for the physical injuries from the battery, but also for the emotional distress injury. Our assault cases make clear that a victim of an assault and battery is entitled not only to recover for physical injuries, but also for emotional distress which is comparable to mental anguish. We recognized this more than fifty years ago in *Nees v. Julian Goldman Stores*, 109 W.Va. 329, 154 S.E. 769 (1930), where we stated in Syllabus Point 2, in part:

> "An instruction, given in a personal injury case for damages for physical pain, mental anguish and impairment of capacity to enjoy life resulting from an assault on the plaintiff, which submits to the jury plaintiff's right of recovery, and in the event of recovery, directs them to assess as damages such as they may believe plaintiff entitled to under all the evidence in the case, ... does not constitute reversible error[.]"

*Cf. Flannery v. United States*, 171 W.Va. 27, 297 S.E.2d 433 (1982) (Syllabus Point 3: "A plaintiff in a personal injury action who has been rendered permanently semi-comatose is entitled to recover for the impairment of his capacity to enjoy life as a measure of the permanency of his injuries even though he may not be able to sense his loss of enjoyment of life.").

More recently in *Criss v. Criss*, 177 W.Va. 749, 356 S.E.2d 620 (1987), an assault case involving a wife who had been beaten by her husband, we said in Syllabus Point 4:

> "Because an action for assault and battery allows for recovery of damages due to resulting emotional distress, a claim for the tort of outrageous conduct is duplicitous of a claim for assault and battery, where both claims arise from the same event."[7]

---

6. W.Va.Code, 55-2-12 (1949), stated:

> "*Personal Actions Not Otherwise Provided For.*—Every personal action for which no limitation is otherwise prescribed shall be brought (a) within two years next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative; and (b) *if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after;* and (c) every right of action mentioned above in clause (a) heretofore accrued shall be brought within two years hereafter or within five years from the time such action accrued, whichever shall be less." (Emphasis added).

7. Although the plaintiff's amended complaint includes elements of emotional distress in its "Cause I—Assault and Battery" and includes "Cause III—Intentional Infliction of Emotional Distress," it is clear that the plaintiff may not make duplicitous recoveries for emotional distress arising from assault and battery.

See also note 2, *supra*, and Syllabus Point 7 of *Harless v. First National Bank of Fairmont*, 169 W.Va. 673, 289 S.E.2d 692 (1982).

■ Thus, it is clear that in an action for assault and battery, Mrs. Courtney can recover damages for emotional distress. This element of damages is a part of her overall claim for damages in the assault and battery action.[8] Since this cause of action is for personal injuries and takes the two-year statute of limitations, the trial court erred in utilizing the one-year statute of limitations.

## II.

In *Harless v. First National Bank of Fairmont*, 169 W.Va. 673, 289 S.E.2d 692 (1982), where we first recognized the tort of outrageous conduct that causes severe emotional distress, we emphasized in note 20 the nature of actionable extreme emotional distress by quoting from comment (j) of Section 46 of the *Restatement (Second) of Torts*.[9] This same *Restatement* section also contains the right to recover emotional distress arising out of outrageous conduct toward an immediate family member,[10] which we adopted in Syllabus Point 2 of *Courtney I*:

"A third person may recover emotional distress damages if the direct victim of the defendant's outrageous conduct is a member of the third person's immediate family, and the third person witnessed the outrageous conduct."

■ In this type of cause of action, the emotional distress must be significant and severe and must be an integral part of the cause of action. It differs from the type of emotional distress that can be recovered where a physical injury is inflicted on the plaintiff. This latter type of cause of action is ancillary to the substantive tort and is only a damage component. Consequently, the emotional distress need not be as severe to enable some recovery. However, where the claim is only one for severe emotional distress from outrageous conduct, the emotional distress forms the basis of the cause of action. To recover damages for a claim based solely on emotional distress, such emotional distress must not only be severe, but must manifest distinct psychological or mental patterns that are commonly recognized by experts. In some instances, physical manifestations may occur. The South Carolina Supreme Court in its discussion of the intentional infliction of emotional distress in *Ford v. Hutson*, 276 S.C. 157, 167, 276 S.E.2d 776, 781 (1981), made this point: "[W]e hold today that this tort is one independent of others not merely an outgrowth of another traditional tort[.]" In *Ford*, the plaintiff's

---

**8.** We also stated in Syllabus Point 3 of *Criss:* " 'In an action to recover for personal injuries alleged to have resulted in an assault, a declaration which alleges that the assault was wilful, intentional, and unlawful will support a recovery of punitive damages.' Syl.Pt. 3, *Peck v. Bez*, 129 W.Va. 247, 40 S.E.2d 1 (1946)."

**9.** Note 20, in pertinent part, of *Harless*, 169 W.Va. at 693–94, 289 S.E.2d at 703–04, states:

"The *Restatement* further defines the essential elements of this tort as follows:

\* \* \*

'j. *Severe emotional distress*. The rule stated in this Section applies only where the emotional distress has in fact resulted, and where it is severe. Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a

part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity. Severe distress must be proved. . . .

'The distress must be reasonable and justified under the circumstances, . . .' "

**10.** Section 46 of the *Restatement (Second) of Torts* is:

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

"(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

"(a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

"(b) to any other person who is present at the time, if such distress results in bodily harm."

extreme emotional distress resulted in headaches, nausea, cramps, and a spastic colon.[11]

We discussed the concept of severe emotional distress at some length in *Heldreth v. Marrs*, 188 W.Va. 481, 425 S.E.2d 157, 165–67 (1992), where we determined that a plaintiff who had suffered severe emotional distress and a resultant heart attack from seeing his wife struck by a car might have a cause of action against the negligent defendant.[12] In arriving at our conclusion, we reviewed a number of cases from other jurisdictions which discussed the severity of the emotional distress and whether a physical injury must be shown in order to recover.[13] We determined that a physical injury was not required and adopted the modern view:

> "The Supreme Court of Ohio in *Paugh v. Hanks*, [6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759 (1983)], however, found that the physical injury rule was too inflexible, and that the standard of 'serious' emotional distress was a more reliable safeguard. The Supreme Court of Ohio explained what it meant by using the term 'serious':
>
> 'By the term "serious," we of course go beyond trifling mental disturbance, mere upset or hurt feelings. We believe that serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.' "

[6 Ohio St.3d at 78, 6 OBR at 119] 451 N.E.2d at 765 (emphasis added).

> "The *Paugh* court further stated that 'a rigid requirement which prevents a plaintiff from recovering from serious emotional harm except where a physical injury manifestation has ensued, completely ignores the advances made in modern medical and psychiatric science[.]' [6 Ohio St.3d at 78, 6 OBR at 119] 451 N.E.2d at 765. The court further pointed out that '[s]erious emotional distress can be as severe and debilitating as physical injury and is no less deserving of redress.' *Id.* Finally, the court, relying on *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916,

11. For this reason, even though a cause of action for defamation may contain a damage component of mental or emotional distress, it is ancillary to the recognized substantive tort of defamation which did not survive at common law and is not within the categories set out in W.Va.Code, 55–7–8a(a). *Duffy v. Ogden Newspapers, Inc.*, 170 W.Va. 318, 294 S.E.2d 121 (1982). *See also Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W.Va. at 594, 244 S.E.2d at 325 (false arrest and imprisonment and malicious prosecution have a one-year statute of limitations).

12. In Syllabus Point 1 of *Heldreth*, we stated:

"A defendant may be held liable for negligently causing a plaintiff to experience serious emotional distress, after the plaintiff witnesses a person closely related to the plaintiff suffer critical injury or death as a result of the defendant's negligent conduct, even though such distress did not result in physical injury, if the serious emotional distress was reasonably foreseeable. To the extent that *Monteleone v. Co–Operative Transit Co.*, 128 W.Va. 340, 36 S.E.2d 475 (1945), is inconsistent with our holding in cases of plaintiff recovery for negligent infliction of emotional distress, it is overruled."

13. This general summary was made in *Heldreth*:

"There is disagreement among courts, however, as to whether some physical injury must result from the emotional distress. *See, e.g., Leong v. Takasaki*, 55 Haw. 398, [404,] 520 P.2d 758, 762 (1974) (physical injury requirement is 'artificial' and should be used only to show degree of emotional distress); *Barnhill v. Davis*, 300 N.W.2d [104] 107–08 [(Iowa 1981)] (physical manifestations of distress required); *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559, 570 (La.1990) (recovery should be allowed only where the emotional injury is both severe and debilitating); *Culbert v. Sampson's Supermarkets Inc.*, 444 A.2d [433,] 438 [(Me.1982)] (proof of physical manifestations of the mental injury is no longer required); *Corso v. Merrill*, [119 N.H. 647, 653,] 406 A.2d [300,] 304 [(1979)] (harm for which plaintiff seeks to recover must be susceptible to some form of objective medical determination and proved through qualified medical witnesses); *Folz v. State*, 110 N.M. 457, [470,] 797 P.2d 246, 259 (1990) (physical manifestation should not be the sine qua non by which to establish damages resulting from emotional trauma); *Paugh v. Hanks*, 6 Ohio St.3d 72, [78,] 451 N.E.2d 759, 765 (1983) (examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia); *Reilly v. United States*, 547 A.2d 894 (R.I.1988) (plaintiff must suffer physical symptomatology to recover for negligent infliction of emotional distress)." 188 W.Va. at 489, 425 S.E.2d at 165. (Footnote omitted).

[933,] 167 Cal.Rptr. 831, 841, 616 P.2d 813, 823 (1980), gave examples of serious emotional distress such as traumatically induced neurosis, psychosis, chronic depression, or phobia. *Id.*" 188 W.Va. at 489, 425 S.E.2d at 165–66.

■ From the foregoing, it seems clear that an action for severe emotional distress caused by a defendant's tortious conduct is a personal injury. Indeed, in some cases, it may give rise to some physical injury, as happened in *Heldreth* and *Ford v. Hutson, supra. See also Dahl v. Federal Land Bank Ass'n of W. Ill.,* 213 Ill.App.3d 867, 157 Ill. Dec. 242, 572 N.E.2d 311 (1991). Certainly, at the very least, this type of severe emotional distress will exhibit mental and emotional damages readily recognizable by qualified experts.

The critical point is that W.Va.Code, 55–2–12(b), uses the term "personal injuries" rather than "physical injuries." It is too late in the day medically to say that recognizable mental or emotional injuries that arise from severe emotional distress are not injuries to the person. A cause of action for such injuries takes a two-year statute of limitations not because it did or did not survive at common law, but because it is a species of personal injury. As we have pointed out in Part I, *supra,* the two-year period of limitations for personal injuries found in W.Va. Code, 55–2–12(b), is statutorily independent of any common law and this independence is reinforced by the language of W.Va.Code, 55–7–8a(a), which specifically confers survivability on actions for personal injuries.

The trial court granted summary judgment against the plaintiff on her separate claim for extreme emotional distress based upon her seeing the defendant physically abuse her son. The trial court relied on *Funeral Services by Gregory v. Bluefield Hospital,* 186 W.Va. 424, 413 S.E.2d 79 (1991). In that case, the plaintiff had embalmed an AIDS-infected corpse. He claimed that the hospital which delivered the body failed to inform him of its condition. He subsequently learned of the AIDS problem and claimed that this caused him extreme emotional distress.

In *Gregory,* we indicated that a one-year statute of limitations applied to an emotional distress claim. We relied on our earlier case of *Rodgers v. Corporation of Harpers Ferry,* 179 W.Va. 637, 371 S.E.2d 358 (1988), where we established that civil rights actions filed pursuant "to 42 U.S.C. § 1983 are personal injury actions governed by the two-year statute of limitations set forth in W.Va.Code § 55–2–12(b)[.]" Syllabus, in part, *Rodgers.* In the course of setting the two-year period of limitations in *Rodgers,* we said by way of dictum in reference to the one-year statute of limitations in W.Va.Code, 55–2–12(c):

> "Consequently, personal tort actions such as libel, defamation, intentional infliction of emotional distress, false arrest, false imprisonment, and malicious prosecution take the one-year statute of limitations because they are excluded from statutory survivability under W.Va.Code § 55–7–8a(a) [ (1959) ], and not because of a statutory distinction between intentional and unintentional torts." 179 W.Va. at 640–41, 371 S.E.2d 361–62. (Footnotes omitted).

We find *Gregory* to be anomalous in its statement that a claim for severe emotional distress did not survive at common law as it failed to consider whether it was a personal injury under W.Va.Code, 55–2–12(b). Its reliance on *Rodgers'* brief dictum was misplaced. Oddly enough, *Rodgers,* in finding the two-year statute of limitations for civil rights actions under 42 U.S.C. § 1983, would allow all sorts of claims that do not contain any personal injuries, as illustrated by several cases in our Court. *See, e.g., Bennett v. Coffman,* 178 W.Va. 500, 361 S.E.2d 465 (1987) (42 U.S.C. § 1983 on a claim of false arrest by a police officer); *Orr v. Crowder,* 173 W.Va. 335, 315 S.E.2d 593 (1983) (42 U.S.C. § 1983 by college librarian discharged after expressing opposition to remodeling plans); *Rissler v. Giardina,* 169 W.Va. 558, 289 S.E.2d 180 (1982) (42 U.S.C. § 1983 on conditions of confinement in county jail); *Mitchem v. Melton,* 167 W.Va. 21, 277 S.E.2d 895 (1981) (42 U.S.C. § 1983 on conditions of confinement in county jail).

Moreover, *Gregory* made no attempt to analyze cases from other jurisdictions to determine how they treat a claim for severe

emotional distress. In those jurisdictions which have a statute of limitations for "personal injuries" or "injuries to persons," courts generally have found a suit for severe emotional distress arising out of tortious conduct to be a personal injury action. *See, e.g., Mackey v. Judy's Foods, Inc.*, 867 F.2d 325 (6th Cir.1989) (interpreting Tennessee law); *C & W Constr. Co. v. Brotherhood of Carpenters & Joiners of Am., Local 745, AFL–CIO,* 687 F.Supp. 1453 (D.Hawaii 1988) (construing Hawaii law); *Hildebrand v. Hildebrand,* 736 F.Supp. 1512 (S.D.Ind.1990) (construing Indiana law); *Johnson v. McKee Baking Co.,* 398 F.Supp. 201 (D.Va.1975), *aff'd* 532 F.2d 750 (4th Cir.1976) (interpreting Virginia law); *Dahl v. Federal Land Bank Ass'n of W. Ill., supra; Flynn v. Associated Press,* 401 Mass. 776, 519 N.E.2d 1304 (1988); *Campos v. Oldsmobile Div., General Motors Corp.,* 71 Mich.App. 23, 246 N.W.2d 352 (1976); *Fleming v. United Parcel Serv., Inc.,* 255 N.J.Super. 108, 604 A.2d 657 (Law Div.1992); *Dickens v. Puryear,* 302 N.C. 437, 276 S.E.2d 325 (1981); *Ford v. Hutson, supra; Fitzgerald v. Congleton,* 155 Vt. 283, 583 A.2d 595 (1990).

For the foregoing reasons, we conclude that a claim for severe emotional distress arising out of a defendant's tortious conduct is a personal injury claim and is governed by a two-year statute of limitations under W.Va. Code, 55–2–12(b). To the extent that *Funeral Services by Gregory v. Bluefield Hospital, supra,* expresses a contrary view, it is overruled.

### III.

In conclusion, because the plaintiff brought her claims of battery and intentional infliction of emotional distress resultant from the battery within the two-year statute of limitations period mandated by W.Va.Code, 55–2–12(b), her claims were timely filed and the summary judgment order of the trial court in that regard must be reversed and those claims remanded for further development. Furthermore, because we also hold that the plaintiff's claim for emotional distress resultant from a bystander's view of outrageous conduct towards her child is governed by a two-year statute of limitations by virtue of W.Va.Code, 55–2–12(b), the summary judg-

ment order of the trial court also must be reversed in that regard. The judgment being reversed, this case is remanded.

Reversed and remanded.