# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SHEREE N. BRYANT,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-239**    (Cir. Ct. Kanawha Cnty. Case No. CC-20-2022-C-888)

**WEST VIRGINIA HIGHER**
**EDUCATION POLICY COMMISSION,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sheree N. Bryant appeals the Circuit Court of Kanawha County's August 17, 2023, order dismissing Counts I, II, and IV of Ms. Bryant's complaint against Respondent West Virginia Higher Education Policy Commission (the "Commission") and denying the request for class certification made in the complaint, and its May 12, 2025, final order. The Commission filed a response.[1] Ms. Bryant did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's August 17, 2023, order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Bryant was employed with the Commission and initiated a hostile work environment grievance in 2022. During discovery in that proceeding, Ms. Bryant was provided with several surveillance camera videos taken in the hallway of the office where she worked that depicted her interacting with her supervisor. Each of the videos included audio recordings. Before she received the videos, Ms. Bryant was allegedly unaware that the Commission's video surveillance was also recording audio and was allegedly upset that her conversations were being recorded.

In October 2022, Ms. Bryant filed this action against the Commission related to recording audio of its employees and other people in the Commission's building. In the complaint, Ms. Bryant alleges claims for violations of West Virginia Code § 62-1D-12 (1987) of West Virginia's Wiretapping and Electronic Surveillance Act (the "Wiretap

---

[1] Ms. Bryant is represented by Hoyt Glazer, Esq. The Commission is represented by Tamara J. DeFazio, Esq.

1

Act"), invasion of privacy, hostile work environment and sexual harassment, negligent infliction of emotional distress ("NIED"), and intentional infliction of emotional distress ("Outrage"). Under Rule 23 of the West Virginia Rules of Civil Procedure, Ms. Bryant sought to certify the following proposed class as it relates to the Wiretap Act, invasion of privacy, NIED, and Outrage claims: "All current and former employees of West Virginia Higher Education Policy Commission on and after April 1, 2019, who worked in the building located 1018 Kanawha Boulevard East, Charleston, West Virginia 25703 [sic] where video surveillance cameras recorded activity." The complaint does not specify the number of employees affected by the Commission's surveillance recordings but alleges that the putative class is "so numerous that joinder of all members is impractical." The complaint further alleges that Ms. Bryant will fairly and adequately protect the interests of the class; that there are no known conflicts of interest between Ms. Bryant and members of the class; that her claims under Counts I, II, and IV, are typical of the putative class and based on the same legal and factual theories; and that a class action is a superior method for the fair and efficient adjudication of these claims.

The Commission filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure requesting denial of the class certification and dismissal of the Wiretap Act claim, the invasion of privacy claim, and the NIED claim. The parties briefed the motion to dismiss and submitted proposed orders to the circuit court. In its August 17, 2023, order, the circuit court denied the request for class certification. Further, the circuit court dismissed the Wiretap Act claim, the invasion of privacy claim, and the NIED claim for failing to state claims against the Commission. The parties litigated the remaining hostile work environment and sexual harassment and Outrage claims set forth in Counts III and V of the complaint until Ms. Bryant voluntarily dismissed these claims, which the circuit court confirmed in its final order entered May 12, 2025. Ms. Bryant's appeal of the circuit court's final order and the August 17, 2023, order followed.[2]

Our standard of review of an order granting a motion to dismiss is de novo. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). Additionally, "[t]his Court will review a circuit court's order granting or denying a motion for class certification pursuant to Rule 23 of the West Virginia Rules of Civil Procedure [1998] under an abuse of discretion standard." *State ex*

---

[2] The August 17, 2023, order remained appealable through an appeal of the May 12, 2025, final order. *See* Syl. Pt. 6, *Riffe v. Armstrong*, 197 W. Va. 626, 477 S.E.2d 535 (1996) (recognizing that an appeal of a final order will "bring with it for review" interlocutory orders entered earlier in the case); *see also Hubbard v. State Farm Indem. Co.*, 213 W. Va. 542, 550, 584 S.E.2d 176, 184 (2003) (recognizing that a party is not obligated to immediately appeal an otherwise interlocutory order that resolves some claims when the order is not certified as final under Rule 54(b) of the Rules of Civil Procedure).

*rel. W. Va. Univ. Hosps., Inc. v. Gaujot*, 242 W. Va. 54, 61, 829 S.E.2d 54, 61 (2019) (quoting Syl. Pt. 1, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003)). With these standards in mind, we turn to the parties' arguments.

In her first assignment of error, Ms. Bryant asserts that the circuit court abused its discretion in denying her request for class certification. She argues that under West Virginia's notice pleading standards, she alleged facts sufficient to satisfy the prerequisites to certify a class pursuant to Rule 23(a). We disagree.

Regarding class certification, the Supreme Court of Appeals of West Virginia ("SCAWV") has held, "[b]efore certifying a class under Rule 23 of the West Virginia Rules of Civil Procedure [2017], a circuit court must determine that the party seeking class certification has satisfied all four prerequisites contained in Rule 23(a)–numerosity, commonality, typicality, and adequacy of representation[.]" Syl. Pt. 4, in part, *State ex rel. W. Va. Univ. Hosps., Inc., v. Gaujot*, 248 W. Va. 138, 887 S.E.2d 571 (2022) (quoting Syl. Pt. 8, in part, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003)).

Based on our review, we conclude that Ms. Bryant does not make sufficient factual allegations in the complaint to satisfy the four prerequisites provided in Rule 23(a). First, Ms. Bryant does not allege facts showing that the putative class is so numerous that joining all members would be impractical. Indeed, Ms. Bryant acknowledges in her complaint that she does not know, and cannot estimate, the size of the class. Secondly, with respect to the commonality and typicality requirements, the complaint tracks the language of Rule 23(a)(2) and (3) but alleges no facts to support the conclusory statement that Ms. Bryant's claims contain common questions of law or are typical of other putative class members. Thirdly, Ms. Bryant's allegations do not satisfy the adequate representation requirement. The complaint merely tracks the language of Rule 23(a)(4) and provides no facts to show that Ms. Bryant would adequately represent the putative class. Accordingly, we cannot say that the circuit court abused its discretion in denying her request for class certification.

Ms. Bryant next contends that the circuit court erred in dismissing the Wiretap Act claim, arguing that the Commission is a "person" under the Wiretap Act and that Ms. Bryant sufficiently alleged that she reasonably expected her oral communications to be private. Conversely, the Commission argues that it is not a "person" under the Wiretap Act and that Ms. Bryant has not alleged sufficient facts to show that the recording of her conversations meets the definition of "oral communication" under the Wiretap Act. We agree with the Commission.

West Virginia Code § 62-1D-12(a) (1987) provides,

Any person whose wire, oral or electronic communication is intercepted, disclosed, used or whose identity is disclosed in violation of this article shall

3

have a civil cause of action against any person who so intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use the communications . . . .

The term "person" is defined as "any person, individual, partnership, association, joint stock company, trust or corporation and includes any police officer, employee or agent of this state or of a political subdivision thereof." W. Va. Code § 62-1D-2(k) (2017). Based on a plain reading of the statute, we determine that an employee or agent of the Commission is a "person," but the Commission itself is not. Thus, we find no error in the circuit court's conclusion that the Commission is not subject to the terms of the Wiretap Act because the state, nor its agencies, including the Commission, are included in the statutory definition of "person."

In her third assignment of error, Ms. Bryant asserts that the circuit court erred in concluding that Ms. Bryant did not adequately plead an invasion of privacy claim. She argues that her complaint includes an allegation that the Commission represented to Ms. Bryant and its employees that it would not use the cameras to record audio and that the circuit court failed to make a reasonable inference from this allegation that employees, including Ms. Bryant, reasonably expected that their oral conversations would remain private. The Commission argues, on the other hand, that allegations of cameras installed in the hallways of a workplace are insufficient to support an invasion of privacy claim. We agree with the Commission.

As described by the SCAWV, an invasion of privacy claim includes "an unreasonable intrusion upon the seclusion of another[.]" Syl. Pt. 4, in part, *State ex rel. W. Va. Univ. Hosps. - East, Inc. v. Hammer*, 246 W. Va. 122, 866 S.E.2d 187 (2021) (quoting Syl. Pt. 8, in part, *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 320 S.E.2d 70 (1983)). Upon review of the complaint, Ms. Bryant alleges generally that she had a reasonable expectation of privacy but does not allege facts supporting that assertion. Indeed, her own allegations demonstrate that cameras were installed in hallways of the Commission's offices – that is, common workplace areas. She does not allege that the locations of the cameras indicated efforts to conduct covert recordings or that cameras were located inside individual private offices, restrooms, or any other place that one might reasonably expect workplace conversations to remain private. While Ms. Bryant claims that she had a reasonable expectation of privacy, the facts alleged in her complaint do not reasonably justify that expectation. For these reasons, we find no error in the circuit court's conclusion that Ms. Bryant failed to adequately plead a claim for invasion of privacy.

Lastly, Ms. Bryant asserts that the circuit court erred in concluding that she did not adequately plead a claim for negligent infliction of emotional distress. We disagree.

4

In West Virginia, a claim for NIED is recognized only in limited circumstances. *See Heldreth v. Marrs*, 188 W. Va. 481, 425 S.E.2d 157 (1992) (plaintiff witnessed a person closely related to him suffer critical injury or death as a result of the defendant's negligent conduct); *Marlin v. Bill Rich Constr., Inc.*, 198 W. Va. 635, 482 S.E.2d 620 (1996) (defendant negligently exposed plaintiff to deadly disease, causing severe emotional distress based on fear of contracting a disease); *Ricottilli v. Summersville Mem'l Hosp.*, 188 W. Va. 674, 425 S.E.2d 629 (1992) (severe emotional distress caused by mishandling of plaintiff's daughter's corpse). None of these circumstances exist in the present case. Additionally, emotional distress that forms the basis for NIED must be severe and must be commonly recognized as such by experts. *See Courtney v. Courtney*, 190 W. Va. 126, 130, 437 S.E.2d 436, 440 (1993) ("To recover damages for a claim based solely on emotional distress, such emotional distress must not only be severe, but must manifest distinct psychological or mental patterns that are commonly recognized by experts."). Ms. Bryant makes no allegations in her complaint that she experienced severe emotional distress or that she sought any sort of treatment for her alleged emotional distress. She merely alleges that learning of the audio recordings "greatly upset her." We determine that such allegations are insufficient to establish severe emotional distress. Accordingly, we find no error in the circuit court concluding that Ms. Bryant did not sufficiently plead a claim for negligent infliction of emotional distress.

For the foregoing reasons, the circuit court's August 17, 2023, order is affirmed.

Affirmed.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White