437 S.E.2d 773

**Dick E. BRAMER, Plaintiff–Appellee,**

v.

**Dr. Thomas O. DOTSON, M.D., Greenbrier Clinic, Inc. and SmithKline Beecham Corp., Defendants–Appellants.**

No. 21661.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 1993.

Decided Nov. 23, 1993.

James M. McCowen, Hunt, Lees, Farrell & Kessler, Charleston, for appellee.

William J. Cooper, Karen L. Clouse, Jacobson, Maynard, Tuschman & Kalur, Charleston, for appellants Thomas O. Dotson, M.D. and the Greenbrier Clinic, Inc.

Herbert G. Underwood, Karen Kahle, Steptoe & Johnson, Clarksburg, for appellant SmithKline Beecham Corp.

NEELY, Justice:

Richard Bramer was fifty-four years old when he was seen by Dr. Thomas O. Dotson, M.D., at the Greenbrier Clinic in White Sulphur Springs, West Virginia for a physical examination on 23 and 24 March 1988. Before the appointment, Mr. Bramer had been suffering from diarrhea and weight loss. After a number of clinical tests performed during the two-day examination, Dr. Dotson diagnosed Mr. Bramer as suffering from Crohn's disease.

Because Mr. Bramer's diarrhea did not respond to the medications prescribed by Dr. Dotson in March 1988, Mr. Bramer returned to Dr. Dotson on 24 May 1988. A blood specimen was drawn from Mr. Bramer and sent to SmithKline Laboratories (hereinafter "SmithKline") for testing for the HIV virus. In early June, SmithKline reported positive HIV test results to Dr. Dotson.

On 13 June 1988, Dr. Dotson informed Mr. Bramer that he had AIDS. Dr. Dotson referred Mr. Bramer to Dr. Ronald Gaskins, a West Virginia University gastroenterologist, for further treatment. Dr. Dotson also asked a medical colleague in Morgantown, West Virginia to assist in testing three of Mr. Bramer's sexual partners for AIDS.

In July 1988 Mr. Bramer began treatment at West Virginia University. Knowing he did not fit any of the profiles of persons most at risk to develop AIDS, Mr. Bramer insisted upon repeat HIV testing. Blood samples drawn on 1 July 1988 and 15 July 1988 and tested by SmithKline indicated the HIV virus was not present. A third blood sample drawn on 22 July 1988 and sent to another laboratory likewise yielded negative test results. This additional negative finding was communicated to Mr. Bramer on 9 September 1988.

On 9 September 1990, Mr. Bramer filed this civil action against Thomas O. Dotson, M.D., Greenbrier Clinic, Inc., and SmithKline, alleging that SmithKline was negligent in interpreting his blood samples and in reporting that the testing was positive for the HIV virus. Mr. Bramer further alleged that Dr. Dotson and Greenbrier Clinic, Inc., were negligent in informing him of these lab results. The defendants moved the Court for summary judgment, arguing that the injuries were limited to mental and emotional damages without any physical injury. Pursuant to *W.Va.Code* 58–5–2 [1967], and with the agreement of all parties, the Court certified the following questions for review here:

1. Whether the Plaintiff Dick E. Bramer has stated a claim upon which relief can be granted in alleging that the defendants negligently caused him to suffer major depression, anxiety, sleep disturbance, elevated concern for body functioning and low self-esteem?

Ruling of the Circuit Court of Greenbrier County: Yes.

2. Whether the Plaintiff Dick E. Bramer has stated a claim upon which relief can be granted in alleging that the defendants recklessly caused him to suffer major depression, anxiety, sleep disturbance, elevated concern for body functioning and low self-esteem?

Ruling of the Circuit Court of Greenbrier County: Yes.

3. If Plaintiff's Bramer's allegations state a claim upon which relief can be granted, which statute of limitations applies?

Ruling of the Circuit Court of Greenbrier County: A two-year statute of limitations under *W.Va.Code* 55–2–12(b) [1959].

I.

In *Ricottilli v. Summersville Memorial Hospital,* 188 W.Va. 674, 425 S.E.2d 629 (1992), we held that a person may recover for the negligent infliction of emotional distress in the absence of an accompanying physical injury upon a showing that the claim for emotional damages is not spurious. This case involves a person erroneously diagnosed with AIDS. Given the well-known fact that AIDS has replaced cancer as the most feared disease in America[1] and, as defendant SmithKline candidly acknowledges, a diagno-

---

1. *AIDS Tops Cancer and Blindness as "Most Feared Disease" in Gallup Survey,* 106 Arch.Opthalmos. 1518 (Nov. 1988); *see also Social Science and the Citizen,* 25 Society 2 (Jan./Feb.

1988) (according to a Gallup poll, 68 percent of Americans believe AIDS is the nation's most daunting health problem).

sis of AIDS is a death sentence, conventional wisdom mandates that fear of AIDS triggers genuine—not spurious—claims of emotional distress. Accordingly, the first certified question was correctly answered by the circuit court under *Ricottilli.*

As to whether the defendants were reckless in diagnosing and treating Mr. Bramer, we find the record insufficiently developed at this time to address this issue. Therefore, the second certified question is not ripe for answer here.

## II.

 The third certified question asks us to determine which statute of limitations applies to the emotional distress claim alleged by Mr. Bramer. The statute in controversy, *W.Va.Code* 55–2–12 [1959], provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

The defendants submit that the one-year statute of limitations contained in *W.Va.Code* 55–2–12(c) [1959] is applicable to emotional distress claims rather than the two-year "personal injury" statute of limitations identified by the trial court under *W.Va.Code* 55–2–12(b) [1959].

Recently, we recognized in *Courtney v. Courtney,* 190 W.Va. 126, 437 S.E.2d 436 (1993) that "it is too late in the day medically" to assert that recognizable mental or emotional injuries that arise from severe emotional distress are not injuries to the person. Consequently, we held in *Courtney* that a claim for severe emotional distress arising out of a defendant's tortious conduct is a personal injury claim and is governed by a two-year statute of limitations under *W.Va. Code* 55–2–12(b) [1959]. *Courtney* overruled

*Funeral Services by Gregory v. Bluefield Hospital,* 186 W.Va. 424, 413 S.E.2d 79 (1991) which held that claims for infliction of emotional distress are governed by a one-year statute of limitations.

In view of this recent holding, we find that a two-year statute of limitations applies to the action filed by Mr. Bramer.

Certified Questions Answered.