Debra Lynn **HENLEY**, et al., Plaintiffs,

v.

**FMC CORPORATION**, a Delaware Corporation, Defendant.

Civil Action No. 2:95–1098.

United States District Court, S.D. West Virginia, Charleston Division.

Sept. 3, 1998.

Richard Neely, Neely & Hunter, Charleston, WV, Jack W. Harang, Law Offices of Jack W. Harang, New Orleans, LA, Wilson H. Barnes, Henry Dart, Metairie, LA, for Plaintiffs.

Joseph S. Beeson, Robinson & McElwee, Charleston, WV, Lee Davis Thames, O. Kendall Moore, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Jackson, MS, for Defendant.

*MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending are Defendant's motions for partial summary judgment with respect to (1) claims for emotional distress; (2) dismissal of personal injury claims based upon insufficient evidence of exposure; and (3) claims related solely to shelter-in-place or stuck-in-traffic. Because the Court has addressed the facts exhaustively in prior Memorandum Opinions, it here recounts only the facts necessary for these rulings.

## I. DISCUSSION

■ The first partial summary judgment motion seeks dismissal of Plaintiffs' claims for negligent and intentional infliction of emotional distress. Defendant first asserts there is no claim for negligent infliction of emotional distress in West Virginia unless the plaintiff (1) actually witnessed the death or serious injury of a close relative; or (2) has a genuine fear of contracting a disease. This view misstates the law. *See, e.g., McClenathan v. Rhone–Poulenc, Inc.*, 926 F.Supp. 1272, 1275 n. 4 (S.D.W.Va.1996); *Marlin v. Bill Rich Const., Inc.*, 198 W.Va. 635, 652, 482 S.E.2d 620, 637 (1996); *Bramer v. Dotson*, 190 W.Va. 200, 201, 437 S.E.2d 773, 774 (1993); *Ricottilli v. Summersville Mem. Hosp.*, 188 W.Va. 674, 675, 425 S.E.2d 629, 630 (1992). Nonetheless, recovery for negligent infliction of emotional distress is dependent upon a showing by Plaintiffs "of facts sufficient to guarantee that the emotional damages claim is not spurious." Syl. pt. 10, *Marlin*, 198 W.Va. at 638, 482 S.E.2d at 623; syl. pt. 2, *Ricottilli*, 188 W.Va. at 675, 425 S.E.2d at 630.

■ Given Plaintiffs propose to present expert testimony concerning the emotional damages suffered, the Court deems this issue inappropriate for summary disposition. Should Plaintiffs' expert be excluded from testifying pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), however, the Court will revisit this issue. Further, even in the face of expert testimony, Defendant may move at the close of Plaintiffs' case for dismissal of this claim on the grounds Plaintiffs failed as a matter of law to demonstrate their emotional distress "is undoubtedly real and serious." Syl. pt. 11, *Marlin*, 198 W.Va. at 639, 482 S.E.2d at 624.

■ Defendant next asserts the claims for intentional infliction of emotional distress should be dismissed because Plaintiff has not shown either (1) that Defendant's conduct was outrageous; or (2) that the emotional distress was so severe that no reasonable person could be expected to endure it. Regarding the first assertion, genuine issues of material fact remain extant. The second assertion fails at this time as well, based on the considerations of proof discussed in relation to the negligent infliction claims. According-

ly, Defendant's motion for partial summary judgment on the emotional distress claims is **DENIED.**

■ Defendant next seeks partial summary judgment on Plaintiffs' personal injury claims, based upon insufficient evidence of exposure. In a nutshell, Defendant asserts its expert air modeler has determined the possible dispersion of the chemicals involved and concluded certain class representatives could not have been exposed to the chemical. The expert's precise finding follows:

10. Based upon the physics of gaussian dispersion ... and known meteorological conditions, it is unlikely that anyone could have been exposed to HCl gas resulting from this incident unless they were located within four kilometers of the release point along a line at 73$ (east-north-east) *and* within 0.22 kilometers perpendicular to the 73$ line.

11. Further, to a reasonable degree of scientific certainty, no one could have been exposed to HCl gas from this incident outside of an area 0.33 kilometers perpendicular to the 73$ line *and* 5 kilometers from the release point.

Affidav. of Dr. Tony Eggleston at ¶¶ 10 and 11.

Defendant asserts many of the physical injury class representatives were outside the scope of Dr. Eggleston's precise geographical area and should, consequently, be dismissed as a matter of law. The difficulty with Defendant's proposal is illustrated by representative Sandra McCoy, one of the Plaintiffs Defendant seeks to have dismissed. Plaintiffs note Ms. McCoy was attending a conference at West Virginia State College a few miles from Defendant's plant. She went outside to walk a friend's seeing-eye dog at or about the time of the leak. When she returned to the College, she began vomiting and experiencing flu-like symptoms. That fact alone might make for a bare showing of causation. The further fact, however, that the dog began vomiting at approximately the same time as Ms. McCoy demonstrates clearly the unsuitability of resolving the exposure issue as a matter of law.

The question of exposure as it relates to Plaintiffs' complaints of acute symptoms is inherently fact bound and genuine issues of material fact remain extant on the question. Accordingly, Defendant's motion for partial summary judgment on the personal injury claims is **DENIED.**

■ Defendant's next partial summary judgment motion seeks dismissal of all claims for inconvenience as a result of sheltering-in-place or being stalled in traffic following the incident at the plant. FMC's theory for dismissal is that it is not liable for the consequences of independent governmental actions taken pursuant to statutory authority and in response to a perceived emergency. While Defendant's argument is both novel and interesting, Plaintiffs' claims fail for a much more mundane reason. The Court has observed in similar litigation as follows:

Although previously discussed in the Court's Memorandum Opinion disposing of Defendant's motion to dismiss, Plaintiffs again raise the issue of recovering damages for pure annoyance, aggravation and inconvenience.

. . . .

Plaintiffs have failed to heed the Court's invitation to proffer case law supporting recovery of the challenged damage elements under Restatement (Second) of Torts § 519 absent a personal injury or property damage. Accordingly, the Court's ruling on the recoverability of damages for pure annoyance, aggravation and inconvenience in the May 30[, 1996] Memorandum Opinion continues in full force: *The recoverability of the challenged damage elements will depend on the presence of severe emotional distress in the context of the tort of outrage or any other cognizable personal injury, such as property damage or physical harm to the person.*

*Black v. Rhone–Poulenc, Inc.*, 173 F.R.D. 156, 158 n. 2 (S.D.W.Va.1996)(emphasis added). Plaintiffs' response to the partial summary judgment motions once again offers no support for the recovery by a Plaintiff who merely suffered annoyance or inconvenience

from sitting in traffic or being sheltered in place. While these traditional elements of tort damages may be recovered as parasitic elements of damage accompanying a cognizable physical injury, personal injury or damage to property, they may not be recovered by a Plaintiff alleging no more than the damage elements themselves.

Accordingly, the Court **GRANTS**, as moulded, Defendant's motion for partial summary judgment with respect to claims related solely to shelter-in-place or stuck-in-traffic inconveniences.